OPINION OF THE COURT
Daniel F. Luciano, J.
Motion by the defendant, St. Charles Hospital, for an order: (1) suppressing the malpractice panel findings of May 21, 1985; (2) prohibiting any trial reference to said panel or its findings, or (3) directing that a medical malpractice panel be convened with respect to the defendant, St. Charles Hospital, and this cross motion by the defendants, Ira M. Cimons, M.D., and Giuseppe Bevilacqua, M.D., for an order suppressing the medical malpractice panel findings of May 21, 1985 and prohibiting any trial reference to said panel or its findings are decided as follows:
The court directs that a medical malpractice panel be convened, as soon as may be practicable, with respect to the defendants St. Charles Hospital, Ira M. Cimons, M.D., and Giuseppe Bevilacqua, M.D.
In this medical malpractice action a medical malpractice panel finding of no liability was made with respect to the defendants Abraham M. Lenobel, M.D., Michael G. Peters, *794 M.D., Robert M. Schrier, M.D., and Steven I. Ross. M.D., on May 21, 1985. At that time, Honorable Joseph R. Corso, who presided at the May 21, 1985 medical malpractice panel, directed that a second medical malpractice panel be convened at a later date with regard to determining the liability of the defendants St. Charles Hospital, Ira M. Cimons, M.D., and Giuseppe Bevilacqua, M.D.
Before the second medical malpractice panel was convened, however, Judiciary Law § 148-a was amended by the Legislature, effective July 1, 1985. Pursuant to that amendment, medical malpractice actions in the County of Suffolk are not to be subject to medical malpractice panels.
The issue is whether, when the causes of action against some defendants have been heard by a medical malpractice panel prior to the effective date of the amendment to Judiciary Law § 148-a, there should be a medical malpractice panel with respect to the remaining defendants after the effective date of the amendment. The suggested alternatives are suppression of the results of the medical malpractice panel which had been conducted or a curative instruction to the jury explaining why there has been no medical malpractice panel with regard to certain of the defendants.
A literal application of Laws of 1985 (ch 294, § 25 [the chapter incorporating the amendment to Judiciary Law § 148-a and other medical and dental malpractice reforms]) persuades the court that a medical malpractice panel is required with respect to those defendants who have not yet been before such a panel.
Laws of 1985 (ch 294, § 25) provides for an effective date of July 1, 1985, provided, inter alia, as follows: the section which amends Judiciary Law § 148-a (L 1985, ch 294, § 14) "shall apply to medical malpractice actions for which a medical malpractice panel hearing has not been conducted by such date”.
Applying section 25 to the present facts literally warrants that there be a medical malpractice panel with respect to the remaining defendants, St. Charles Hospital, Ira M. Cimons, M.D., and Giuseppe Bevilacqua, M.D., since this is not a medical malpractice action for which a medical malpractice panel had not been conducted by July 1, 1985. A medical malpractice panel, limited as it may have been, was conducted for this action on May 21,1985.
*795 Accordingly, the court concludes that a further medical malpractice panel is required.